UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARVIN GARCIA,

        Petitioner,

   v.

JOHN ASHCROFT, et al.,

        Respondents.

                         NO. CIV. S-04-496 LKK/PAN P

O R D E R

Pending before the court is petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 and respondent's motion to dismiss the writ on the ground that this court lacks jurisdiction. Petitioner challenges the deportation order issued by the Immigration Judge ("IJ") in 1996 on the grounds that it is invalid, inter alia, because the IJ misadvised him as to his rights, so his due process rights were violated. Petition at 1-2. On March 17, 2005, the magistrate judge filed findings and recommendations ("F&Rs"), recommending that respondents' motion to dismiss be denied and that petitioner's application for a writ of habeas

1

corpus be granted. Respondents have filed objections. Before this court had the opportunity to issue its order adopting the magistrate judge's findings and recommendations, the REAL ID Act of 2005 became effective.[1] The REAL ID Act of 2005 amends 8 U.S.C. § 1158(b)(1) by adding the following:

> (5) EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such Title, a petition of review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in section (e).
>
> ...
>
> (c) Transfer of Cases. -- If an alien's case, brought under section 2241 of Title 28 United States Code, and challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of the enactment of this decision, then the district court shall transfer the case (or the part of the case that challenges

---

[1] The REAL ID Act of 2005 became effective on May 11, 2005. In the original order, this court concluded that habeas jurisdiction exists for the district court to review petitioner's collateral attack on his underlying removal order. See Arreola-Arreola v. Ashcroft, 383 F.3d 956 (9th Cir. 2004). While this particular holding from Arreola-Arreola is superceded by the REAL ID Act of 2005, Arreola-Arreola also held that petitioner's deportation order was invalid, in part, because his due process rights were violated by defects in the underlying deportation proceeding. The Ninth Circuit explained that this argument has "considerable force" because Congress cannot remove an alien without first providing proceedings conforming to traditional standards of fairness encompassed in due process of law. Id. at 962 (citations omitted). Under the reasoning set forth in Arreola-Arreola, it appears to this court that petitioner presents a plausible ground for relief under 28 U.S.C. § 2241 since he was able to present the court with evidence that his due process rights were violated by the deportation proceeding. The record reflects that the IJ failed to advise him of the possibility of raising the defense to his deportation and to give him the opportunity to develop the issue.

1     the order of removal, deportation, or exclusion) to the court
2     of appeals for the circuit in which a petition for review
    could have properly been filed under section 242(b)(2) of the
3     Immigration & Nationality Act (8 U.S.C. § 1252),....The Court
    of Appeals shall treat the transferred case as if it had been
4     filed pursuant to a petition for review under such section
    242 except that subsection (b)(1) of such section shall not
5     apply.

6 Pursuant to the provisions of the Real ID Act of 2005, this is a
7 pending case under 28 U.S.C. § 2241 which challenges an order of
8 deportation or removal. It must be transferred to the United
9 States Court of Appeals for the Ninth Circuit.

10     The court also notes that pursuant to the Ninth Circuit Court
11 of Appeals General Order 6.4 <u>Emergency Motions</u> (c), Motions for
12 Stay of Deportation or Removal in petitions for review, "[u]pon the
13 filing of a motion or request for stay of removal or deportation,
14 the order of removal or deportation is temporarily stayed until
15 further order of the Court." Counsel for petitioner is directed
16 to file a Motion to Stay with the Court of Appeals so that no
17 deportation action will be undertaken pending transfer of this case
18 to the Court of Appeals for the Ninth Circuit.

19     Accordingly, the court hereby ORDERS that:
20     1. This case is TRANSFERRED to the Ninth Circuit Court of
21 Appeals for the Ninth Circuit as required by the REAL ID ACT of
22 2005; section 5(c); and
23 ////
24 ////
25 ////
26 ////

2.  Counsel for petitioner are directed to file a motion to stay the deportation order with the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: May 24, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT